IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUN 09 2010 ★

BROOKLYN OFFICE

IRA DANIEL TOKAYER, ESQ. (IT-4734)
Attorney for Plaintiff
405 Lexington Avenue, 7th Floor
New York, New York 10174
(212) 695-5250

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV10- 2618**

------------------------------------x

KOSHER SPORTS, INC.,                  :   __ Civ. __

        Plaintiff,            :

    - against -                        :   COMPLAINT **WEINSTEIN, J.**

QUEENS BALLPARK COMPANY, LLC,         :

        Defendant.           :   **CARTER, M.J.**

------------------------------------x

    Plaintiff, Kosher Sports, Inc. ("KSI"), by its attorney, Ira Daniel Tokayer, Esq., as and for its Complaint herein, alleges as follows:

### THE PARTIES

    1.   Plaintiff is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 392 Broad Avenue, Englewood, New Jersey.

    2.   Upon information and belief, at all relevant times, defendant Queens Ballpark Company, LLC ("QBC") was a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 120-01 Roosevelt Avenue, Flushing, New York.

JURISDICTION AND VENUE

3. This court has original jurisdiction over this civil action pursuant to 28 U.S.C § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

4. Pursuant to 28 U.S.C § 1391(a), venue is proper in this judicial district because, upon information and belief, defendant resides in this district, a substantial part of the events giving rise to the claim occurred in this district and defendant is subject to personal jurisdiction in this district at this time.

AS AND FOR A FIRST CLAIM
(Breach of Contract)

5. At all relevant times, KSI was in the business of, among other things, selling and distributing Glatt Kosher hot dogs and sausages and Kosher knishes, pretzels, peanuts and hamburgers.

6. Upon information and belief, at all relevant times, QBC was in the business of, among other things, operating a ballpark used by the New York Mets National League Baseball Team now known as Citi Field (the "Ballpark").

7. On or about January 23, 2008, KSI and QBC entered into an agreement (the "Agreement").

8. The term of the Agreement was for ten years from April 1, 2009 through October 31, 2018.

9.  Pursuant to the Agreement, QBC granted KSI the exclusive right to sell and distribute Glatt Kosher hot dogs and sausages and Kosher knishes, pretzels, peanuts and hamburgers "during events at the Ballpark at which admission is made available to members of the general public."

10.  QBC breached the express terms of the Agreement by, inter alia, forbidding KSI from selling and distributing Glatt Kosher hot dogs and sausages and Kosher knishes, pretzels, peanuts and hamburgers on Friday nights and Saturdays.

11.  Well in advance of the commencement of the 2009 baseball season, KSI notified QBC of KSI's desire to commence sales on Friday nights and Saturdays as permitted by the Agreement.

12.  KSI incurred substantial costs in, inter alia, obtaining the approval of kosher certifying authorities and customizing its carts to meet rabbinical requirements for selling and distributing such products on Friday nights and Saturdays.

13.  In addition, QBC breached the Agreement by, inter alia, failing to provide KSI with a fourth portable cart location in a mutually agreed upon area of the Ballpark effectively depriving KSI of 25% of its revenue, failing to provide a message on the scoreboard during each Mets' home game and failing to provide tickets for charity, as agreed.

14. KSI's efforts to resolve this dispute have been in vain. Specifically, QBC has failed to meaningfully respond to KSI's concerns and refused to address those aspects of the parties' Agreement KSI seeks to enforce in order to realize the benefit of its bargain. Thus, KSI has been compelled to seek judicial intervention which has the potential of causing KSI further grievous harm.

15. By reason of the foregoing, KSI has been damaged.

16. KSI has and will continue to perform all obligations of the Agreement on its part to be performed and further states that QBC's material and ongoing breaches of the Agreement and refusal to perform the provisions of the Agreement which are necessary for KSI to reap the benefit of its bargain justify any non-fulfillment of any payment obligation of KSI under the Agreement, which payments are more than offset by the damages suffered by KSI as a result of QBC's breaches.

17. Accordingly, KSI is entitled to specific performance of the Agreement whereby KSI is permitted to sell and distribute Glatt Kosher hot dogs and sausages and Kosher knishes, pretzels, peanuts and hamburgers during all events at the Ballpark at which admission is made available to members of the general public, including Friday nights and Saturdays, and provide KSI with a fourth portable cart location in a mutually agreed upon area of the Ballpark, among other things.

18. In addition, KSI is entitled to compensatory damages in an amount to be determined at trial, but in all events not less than $1,000,000, including but not limited to KSI's profits from lost sales for the term of the Agreement which are estimated to have been in excess of $500,000 for 2009 alone and which are projected to exceed that amount in 2010.

AS AND FOR A SECOND CLAIM<br>(Declaratory Judgment)

19. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

20. By reason of the foregoing, a controversy exists between KSI and QBC concerning the Agreement.

21. Accordingly, KSI is entitled to judgment declaring the legal rights and relationship of the parties including but not limited to a declaration that, for the term of the Agreement, KSI is entitled to sell and distribute Glatt Kosher hot dogs and sausages and Kosher knishes, pretzels, peanuts and hamburgers during all events at the Ballpark at which admission is made available to members of the general public, including Friday nights and Saturdays, and that KSI must be provided with a fourth portable cart location in a mutually agreed upon area of the Ballpark, among other things.

## AS AND FOR A THIRD CLAIM
### (Injunction)

22. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

23. KSI has and will continue to suffer irreparable harm and has no adequate remedy at law.

24. Accordingly, KSI is entitled to a temporary and permanent injunction ordering QBC to permit KSI to sell and distribute Glatt Kosher hot dogs and sausages and Kosher knishes, pretzels, peanuts and hamburgers during all events at the Ballpark at which admission is made available to members of the general public, including Friday nights and Saturdays, and to provide KSI with a fourth portable cart location in a mutually agreed upon area of the Ballpark, among other things.

## AS AND FOR A FOURTH CLAIM
### (Unjust Enrichment)

25. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

26. Upon information and belief, QBC has been operating portable food carts in place and instead of KSI on Friday nights and Saturdays at locations where KSI would otherwise have operated.

27. Thus, QBC has been unjustly enriched at the expense of KSI and equity and good conscience demands that QBC not retain such monies.

WHEREFORE, plaintiff respectfully requests that the Court enter Judgment in favor of plaintiff and against defendant:

(i) for specific performance of the Agreement whereby KSI is permitted to sell and distribute Glatt Kosher hot dogs and sausages and Kosher knishes, pretzels, peanuts and hamburgers during all events at the Ballpark at which admission is made available to members of the general public, including Friday nights and Saturdays, and provide KSI with a fourth portable cart location in a mutually agreed upon area of the Ballpark;

(ii) compensatory damages in an amount to be determined at trial, but in all events not less than $1,000,000;

(iii) declaring the legal rights and relationship of the parties, including that, for the term of the Agreement, KSI is entitled to the exclusive right to sell and distribute Glatt Kosher hot dogs and sausages and Kosher knishes, pretzels, peanuts and hamburgers during all events at the Ballpark at which admission is made available to members of the general public, including Friday nights and Saturdays, and that KSI must be provided with a fourth portable cart location in a mutually agreed upon area of the Ballpark, among other things;

(iv) an injunction ordering QBC to permit KSI to sell and distribute Glatt Kosher hot dogs and sausages and Kosher knishes, pretzels, peanuts and hamburgers during all events at the Ballpark at which admission is made available to members of the

general public, including Friday nights and Saturdays, and to provide KSI with a fourth portable cart location in a mutually agreed upon area of the Ballpark, among other things;

(v) statutory interest plus the costs and disbursements of this action, including a reasonable attorneys' fee as permitted by law; and

(vi) for such other and further relief as to this Court may seem just and proper.

Dated:  New York, New York
        June 7, 2010

_____
IRA DANIEL TOKAYER, ESQ. (IT-4734)
Attorney for Plaintiff
405 Lexington Avenue, 7th Floor
New York, New York 10174
(212) 695-5250

Complaint 01.wpd

## JURY DEMAND

Plaintiff demand trial by jury on all claims properly triable by a jury.

Dated: New York, New York
June 7, 2010

_____
IRA DANIEL TOKAYER, ESQ. (IT-4734)
Attorney for Plaintiff
405 Lexington Avenue, 7th Floor
New York, New York 10174
(212) 695-5250