Avery S. Mehlman, Esq.  
Ronald J. Levine, Esq.  
HERRICK, FEINSTEIN LLP  
2 Park Avenue  
New York, New York 10016  
(212) 592-1400  
amehlman@herrick.com  
rlevine@herrick.com  
Attorneys for Defendant/Counterclaimant Queens Ballpark Company, LLC

**Electronically Filed**

UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK

------------------------------------- x

KOSHER SPORTS, INC., : CASE NO.: CV-10-2618 (JBW)(ALC)
:
    Plaintiff, : **DEFENDANT QUEENS BALLPARK**
: **COMPANY, LLC'S ANSWER TO THE**
    -against- : **AMENDED COMPLAINT, SEPARATE**
: **DEFENSES, COUNTERCLAIMS AND**
QUEENS BALLPARK COMPANY, LLC, : **JURY DEMAND**
:
    Defendant. :
:
------------------------------------- x

Defendant/Counterclaimant Queens Ballpark Company, LLC ("QBC") by and through its undersigned counsel, Herrick, Feinstein LLP, for its Answer, Separate Defenses and Counterclaims to the Amended Complaint ("Amended Complaint"), alleges as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1 of the Amended Complaint.

2. Denies the allegations of paragraph 2 of the Amended Complaint, except admits that QBC is a limited liability company organized and existing under the laws of the State of New York, with an address at Citi Field, Flushing, New York.

3. The allegations contained in paragraph 3 of the Amended Complaint contain legal conclusions, to which no answer is required. To the extent that an answer is

required, Defendant denies the allegations set forth in paragraph 3 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the subject matter jurisdiction of the Court and the amount in controversy.

4. The allegations contained in paragraph 4 of the Amended Complaint contain legal conclusions, to which no answer is required. To the extent that an answer is required, Defendant denies the allegations set forth in paragraph 4 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning venue.

5. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5 of the Amended Complaint.

6. Denies the allegations of paragraph 6 of the Amended Complaint, except admits that QBC is the operator of Citi Field.

7. Denies the allegations of paragraph 7 of the Amended Complaint, except admits that KSI and QBC entered into a certain advertising agreement (the "Advertising Agreement") on or about January 31, 2008.

8. Denies the allegations of paragraph 8 of the Amended Complaint, and respectfully refers the Court to the Advertising Agreement for a true and accurate description of its terms.

9. Denies the allegations of paragraph 9 of the Amended Complaint, and respectfully refers the Court to the Advertising Agreement for a true and accurate description of its terms.

10. Denies the first allegation of paragraph 10 of the Amended Complaint, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 10 of the Amended Complaint.

11. Denies the allegations of paragraph 11 of the Amended Complaint.

12. Denies the allegations of paragraph 12 of the Amended Complaint.

13. Denies the allegations of paragraph 13 of the Amended Complaint.

14. Denies the allegations of paragraph 14 of the Amended Complaint.

15. Denies the allegations of paragraph 15 of the Amended Complaint.

16. Denies the allegations of paragraph 16 of the Amended Complaint, except admits that the initial complaint was filed on June 9, 2010.

17. Denies the allegations of paragraph 17 of the Amended Complaint, except admits that pursuant to KSI's refusal to pay the fees as required pursuant to the Advertising Agreement, QBC informed KSI that it would no longer permit KSI to use the tickets provided to KSI pursuant to the Advertising Agreement.

18. Denies the allegations of paragraph 18 of the Amended Complaint, except admits that QBC informed KSI of its breach of the Advertising Agreement due to KSI's failure to pay the fees as required under the Advertising Agreement.

19. Denies the allegations of paragraph 19 of the Amended Complaint, except admits that QBC terminated the Advertising Agreement.

20. Denies the allegations of paragraph 20 of the Amended Complaint.

## AS TO THE FIRST CLAIM

21. Repeats and realleges each of its responses to the allegations contained in paragraphs 1-20.

22. Admits that KSI and QBC entered into the Advertising Agreement on or about January 31, 2008.

23. Denies the allegations of paragraph 23 of the Amended Complaint.

24. Denies the allegations of paragraph 24 of the Amended Complaint.

25. Denies the allegations of paragraph 25 of the Amended Complaint.

26. Denies the allegations of paragraph 26 of the Amended Complaint.

27. Denies the allegations of paragraph 27 of the Amended Complaint.

28. Denies the allegations of paragraph 28 of the Amended Complaint.

29. Denies the allegations of paragraph 29 of the Amended Complaint.

## AS TO THE SECOND CLAIM

30. Repeats and realleges each of its responses to the allegations contained in paragraphs 1-29.

31. Denies the allegations of paragraph 31 of the Amended Complaint.

32. Denies the allegations of paragraph 32 of the Amended Complaint.

## AS TO THE THIRD CLAIM

33. Repeats and realleges each of its responses to the allegations contained in paragraphs 1-32.

34. Denies the allegations of paragraph 34 of the Amended Complaint.

35. Denies the allegations of paragraph 35 of the Amended Complaint.

## AS TO THE THIRD CLAIM

36. Repeats and realleges each of its responses to the allegations contained in paragraphs 1-35.

37. Denies the allegations of paragraph 37 of the Amended Complaint.

38. Denies the allegations of paragraph 38 of the Amended Complaint.

### FIRST SEPARATE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Plaintiff's claims against QBC are barred, in whole or in part, because QBC did not cause or create the alleged breach of the relevant agreement.

### THIRD SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.

### FOURTH SEPARATE DEFENSE

Plaintiff's claims and requested relief are barred, in whole or in part, by the terms of the relevant agreement.

### FIFTH SEPARATE DEFENSE

Plaintiff's damages, if any, were caused by its conduct, omissions, or failure to perform pursuant to the terms of the applicable agreement.

### SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or part, by the doctrine of waiver.

### SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or part, by the doctrine of equitable estoppel.

### EIGHTH SEPARATE DEFENSE

Plaintiff's claims must be dismissed because it suffered no damages or compensable injury.

### NINTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### TENTH SEPARATE DEFENSE

All actions by QBC were taken for legitimate business reasons.

### ELEVENTH SEPARATE DEFENSE

Plaintiff's claims must be dismissed because QBC breached no legal duty owed to Plaintiff.

### TWELFTH SEPARATE DEFENSE

Plaintiff is not entitled to any injunctive relief as it is not under the threat of suffering irreparable harm.

### THIRTEENTH SEPARATE DEFENSE

Plaintiff has not sustained any damages compensable at law as a result of any action or inaction of QBC.

### FOURTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### FIFTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of judicial estoppel.

### SIXTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of collateral estoppel.

### SEVENTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, as Plaintiff has failed to join a required indispensable party without whom this Court should not proceed.

### EIGHTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part, due to lack of privity.

### NINETEENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to lack or and/or failure of consideration.

### TWENTIETH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to satisfy conditions precedent.

### TWENTY-FIRST SEPARATE DEFENSE

Plaintiff's claims, if any, are barred by their anticipatory repudiation and/or breaches of the agreement at issue.

### TWENTY-SECOND SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason of the applicable statutes of frauds.

### TWENTY-THIRD SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### TWENTY-FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any damages or injuries suffered by Plaintiff were caused by the actions or omissions of third parties.

### TWENTY-FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred by its failure to act in accordance with the standards of good faith and fair dealing.

### TWENTY-SIXTH SEPARATE DEFENSE

Any amount sought to be recovered in this action is barred in whole or in part by the amount owing from plaintiff to defendant.

### TWENTY-SEVENTH SEPARATE DEFENSE

QBC reserves the right to assert any additional defenses that may become known to it in the course of discovery.

WHEREFORE, defendant QBC demands judgment dismissing the Amended Complaint in its entirety and awarding to QBC its costs and attorney's fees and such other and further relief as the Court deems just and proper.

### COUNTERCLAIMS

Defendant/Counterclaimant QBC, as and for its counterclaims against Plaintiff Kosher Sports, Inc. ("KSI"), alleges as follows:

#### Nature of the Counterclaims

1.  The counterclaims arise out of KSI's, breach of its agreement to pay for advertising and related services provided by QBC. Pursuant to a written agreement between KSI and QBC, executed on January 31, 2008 (the "Advertising Agreement"), and in reliance on KSI's promises, QBC provided to KSI certain advertising services and other consideration (the "Advertising Services"). Although KSI made some payments pursuant to the Advertising Agreement, it has failed to make the required payments which were due on or before May 1, 2010 and thereafter. By virtue of KSI's default and failure to cure the default, KSI is liable for

those payments and the balance due under the Advertising Agreement, plus interest as set forth in the Advertising Agreement.

### Jurisdiction and Venue

2. This Court's jurisdiction over these counterclaims is based upon 28 USC Sec. 1332(a) due to the diversity of the parties and the amount in controversy exceeding $75,000, and the Court's supplemental jurisdiction over these counterclaims.

3. Venue is proper in this Court pursuant to 28 USC Sec. 1391(a).

### The Parties

4. Defendant/Counterclaimant QBC is a limited liability company organized and existing under the laws of the State of New York, with an address at 123-01 Roosevelt Avenue, Flushing, New York 11368, and the operator of Citi Field.

5. Upon information and belief, KSI is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located at 392 Broad Avenue, Englewood, New Jersey.

### Background

**The Advertising Agreement**

6. On or about January 31, 2008, KSI agreed to purchase certain advertising, and related rights from QBC.

7. The Advertising Agreement provides that, in exchange for QBC's promise to provide certain Advertising Services to KSI, including, *inter alia*, advertising on the scoreboard at Citi Field and in the New York Mets Yearbook, and tickets to Mets games. KSI agreed to make payments to QBC in the following manner:

> The annual fee shall be paid in six equal installments on or before April 1, May 1, June 1, July 1, August 1, and September 1 of each respective year.

<u>2009</u>: $50,000

<u>2010</u>: $55,000

<u>2011</u>: $60,000

<u>2012</u>: $65,000

<u>2013</u>: $70,000

<u>2014</u>: $75,000

<u>2015</u>: $80,000

<u>2016</u>: $85,000

<u>2017</u>: $90,000

<u>2018</u>: $95,000

(Advertising Agreement at p. 2.)

The Advertising Agreement further provides that:

In the event of a default by Advertiser [KSI] in making any payment due pursuant to this Agreement, which default shall not have been remedied within three (3) working days after notice of default has been given in writing to Advertiser by QBC, then, in addition to any other remedies which may under the circumstances be available to QBC, which are expressly reserved, Advertiser shall be obligated to pay QBC, on demand, interest on all unpaid sums at a rate equal to the lesser of sixteen (16%) per annum, or the highest rate of interest allowed under New York law.

(Advertising Agreement at p. 2.)

8.  Beginning in or about April 2009 and continuing through June 2010, in accordance with the terms of the Advertising Agreement, QBC provided Advertising Services to KSI.

9.  KSI has failed to make the payments to QBC pursuant to the Advertising Agreement. To date QBC has not received the payments which were due on or before May 1, 2010 and thereafter.

10. By letter, dated May 18, 2010, QBC notified KSI that KSI had defaulted on its payment obligations for the 2010 season. QBC advised KSI that failure to remedy the default within three (3) days of receipt of the default notice would cause QBC to exercise its rights under the Advertising Agreement.

11. Subsequently, by letter dated June 4, 2010, QBC re-iterated its demand that KSI make all of the outstanding payments.

12. By letter dated June 14, 2010, among other things, QBC re-iterated its demand and further demanded that KSI make the outstanding payments by no later than 5:00 p.m. on June 15, 2010. In its June 14, 2010 letter, among other things, QBC also expressly warned that should KSI fail to make the outstanding payments, QBC would no longer provide Advertising Services to KSI.

13. KSI, however, has not made any further payments to QBC.

14. Accordingly, KSI having failed to cure the payment default, QBC notified KSI by letter, dated July 1, 2010, that QBC had exercised its rights to terminate the Advertising Agreement.

15. KSI's refusal to comply with the terms of the Advertising Agreement with QBC constituted a default in the perspective payment terms of the Advertising Agreement, and a breach of contract.

16. By reason of its breach of the Advertising Agreement, KSI no longer has any of the rights which had been afforded to it at Citi Field under the Advertising Agreement.

### AS FOR THE FIRST COUNTERCLAIM (Breach of Contract)

17. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 16 as if fully set forth herein.

18. By entering into the Advertising Agreement with QBC, KSI entered into a valid and enforceable agreement, pursuant to which KSI agreed to purchase, at agreed upon prices, certain advertising and other services for the 2009 through 2018 seasons.

19. QBC has fully performed its obligations under the Advertising Agreement.

20. KSI has breached the Advertising Agreement by, *inter alia*, failing to make payments when due.

21. By its default and refusal to comply with the payment terms of the Advertising Agreement, KSI is liable to QBC for the full outstanding amount of the 2010 through 2018 season fees, plus interest and attorneys' fees.

22. As a result of this breach, QBC has been damaged in an amount to be determined at trial, but not less than $665,000.00, plus interest.

### AS FOR THE SECOND COUNTERCLAIM (Account Stated)

23. QBC repeats and realleges the allegations set forth in paragraphs 1 through 22 as if fully set forth herein.

24. QBC has provided advertising and related services to KSI and has incurred expenses on KSI's behalf, at its direction and for its benefit.

25. At various times during QBC's performance of the Advertising Agreement and furnishing the aforesaid Advertising Services, an account was stated to KSI indicating the balance due, which statements of account KSI received and retained, without objection.

26. QBC has performed all of its obligations to KSI, but KSI has breached its obligations to QBC by, among other things, failing to make payments when due.

27. By reason of the aforementioned account stated, KSI is liable to QBC in an amount to be determined at trial, but in no event less than $665,000.00, plus interest.

### AS FOR THE THIRD COUNTERCLAIM (*Quantum Meruit*)

28. QBC repeats and realleges the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29. QBC has provided numerous and valuable Advertising Services at the request, and for the benefit, of KSI, and has incurred out-of-pocket expenses on its behalf.

30. KSI has refused to pay Plaintiff the value of these Advertising Services, despite Plaintiff's demands for payment.

31. By reason of the foregoing, Plaintiff is entitled to recover the fair value of the Advertising Services it provided to KSI and reimbursement of its expenses incurred on KSI's behalf in amounts to be determined at trial, but not less than $665,000.00, plus interest.

**WHEREFORE**, Defendant/Counterclaimant QBC demands judgment as follows:

(a) On its First Cause of Action (Breach of Contract) against Kosher Sports, Inc., judgment in an amount to be determined at trial, but not less than $665,000.00, plus interest and attorneys' fees;

(b) On its Second Cause of Action (Account Stated) against Kosher Sports, Inc., judgment in an amount to be determined at trial, but not less than $665,000.00, plus interest;

(c) On its Third Cause of Action (*Quantum Meruit*) against Kosher Sports, Inc., judgment in an amount to be determined at trial, but not less than $665,000.00, plus interest;

(d) Awarding QBC the costs and disbursements of this action, including reasonable attorneys' fees; and

(e) Granting QBC such other and further relief as to the Court may seem just and proper.

**DEMAND FOR JURY TRIAL**

Defendant/counterclaimant QBC hereby demands a jury trial of all claims and defenses so triable.

Dated: New York, New York
September 29, 2010

>                    HERRICK, FEINSTEIN LLP
>
>                    By:  /s/Avery S. Mehlman
>
>                         Avery S. Mehlman, Esq.
>                         amehlman@herrick.com
>                         Ronald J. Levine, Esq.
>                         rlevine@herrick.com
>                         2 Park Avenue
>                         New York, New York  10016
>                         (212) 592-1400 (Phone)
>
>                    *Attorneys for Defendant/Counterclaimant Queens Ballpark Company, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2010, I caused a true and correct copy of *Defendant Queens Ballpark Company, LLC's Answer to the Amended Complaint, Separate Defenses, Counterclaims and Jury Demand* to be filed electronically utilizing the CM/ECF system, and thereby, copies of said *Answer, Separate Defenses, Counterclaims and Jury Demand*, were served via email, on September 29, 2010 on:

Ira Daniel Tokayer, Esq.
405 Lexington Avenue, 7th Floor
New York, New York 1174
*Attorney for Plaintiff*

_____
Avery S. Mehlman