UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
KOSHER SPORTS, INC.,

                     **Plaintiff,**

          -against-

QUEENS BALLPARK COMPANY, LLC,

                     **Defendant.**
----------------------------------------------------------------x

MEMORANDUM
AND ORDER

10-CV-2618 (JBW)

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      On August 25, 2010, the Honorable Jack B. Weinstein issued a preliminary injunction restraining defendant Queens Ballpark Company, LLC ("defendant" or "QBC"), and any "other persons acting on its behalf," from "taking any action, directly or indirectly, with respect to, or affecting, the time or method of sale of" the products of plaintiff Kosher Sports, Inc. ("plaintiff"), the kosher food vendor at the defendant-operated Citi Field.  Order at 1 (Aug. 25, 2010), E.C.F. Docket Entry ("D.E.") #21.  Plaintiff now avers that non-party Aramark Sports and Entertainment Services, LCC ("Aramark"), which supervises the concession sales at Citi Field, has prohibited plaintiff from selling food at any Friday and Saturday events at Citi Field.  Letter of Kosher Sports, Inc. (Apr. 15, 2011) ("Pl. Letter") at 2, D.E. #43.  Plaintiff claims that Aramark did so at defendant's behest, citing correspondence and meetings between defendant and Aramark as well as an alleged statement by an Aramark representative that defendant sought to have plaintiffs terminated and replaced.  See Pl. Letter at 2-3; Declaration of Jonathan Katz (Apr. 15, 2011) ("Katz Decl.") ¶¶ 2-3, D.E. #44.  Plaintiff seeks contempt sanctions against defendant and against Aramark, on the ground that both have violated the injunction; plaintiff also requests leave to amend the complaint to add a

claim that defendant induced Aramark to breach the latter's contract with plaintiff.  Pl. Letter at 2-3.

Defendant and Aramark both deny that the former attempted to influence the latter to restrict plaintiff's hours of operation; Aramark states that it did so of its own volition, and that Aramark is not subject to the injunction.  Letter of Queens Ballpark Company, LLC (Apr. 19, 2011) ("Def. Letter") at 2-3, D.E. #52; Letter of Aramark Sports and Entertainment Services, LLC (Apr. 19, 2011) ("Aramark Letter") at 1-3, D.E. #53.

The Court will hold an evidentiary hearing to resolve the factual questions raised by plaintiff's motion for contempt sanctions and by defendant's and Aramark's responses.  The hearing will be held on June 1, 2011, at 9:30 a.m., in Courtroom 13C-S.

Plaintiff has established good cause for its motion for leave to amend the complaint.  Pursuant to Rule 15 of the Federal Rules of Civil Procedure, courts grant leave to amend "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Generally, amendments are favored because they "tend to facilitate a proper decision on the merits."  Sokolski v. Trans Union Corp., 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (internal quotation marks and citations omitted).  A Rule 15(a) motion for leave to amend may be denied for "undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party."  Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 603 (2d Cir. 2005) (citing Richardson Greenshields Secs., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987)).

Rule 15(a) is not the only provision governing consideration of belated motions for leave to amend.  Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Court was required to set out a scheduling order to, *inter alia*, "limit the time to . . . amend the pleadings

. . . ." Fed. R. Civ. P. 16(b). Such a schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In Parker v. Columbia Pictures Indus., 204 F.3d 326, 339-340 (2d Cir. 2000), the Second Circuit considered the interplay between these two provisions, and held that motions for leave to amend after the expiration of the Rule 16(b) deadline may be granted only upon a finding of good cause. Parker, 204 F.3d at 340.

Plaintiff has established good cause sufficient to justify leave to amend. At the initial conference, Magistrate Judge Andrew L. Carter, who was then assigned to the case, set a February 28, 2011 deadline for plaintiff to amend the pleadings. Minute Entry (Nov. 15, 2010), D.E. #27. The claim plaintiff seeks to add, that defendant "procured a breach of the Aramark Contract" by encouraging Aramark to block plaintiff from operating at Citi Field on Friday or Saturday, Supplemental Second Amended Complaint ("Am. Compl.") ¶ 42, D.E. #48-2, involves events that, according to plaintiff's allegations, only occurred or came to light after the February 28th deadline.[1] Specifically, plaintiff contends that Scott Kleckner, an Aramark representative, spoke to Kosher Sports, Inc. President Jonathan Katz on April 6, 2011 and informed him that plaintiff would be prohibited from conducting sales on the subsequent Friday and Saturday. Katz Decl. ¶ 2-3. Katz further states that Kleckner told him, both on April 6 and in a previous conversation, that "during the off-season, QBC . . . sought to have KSI terminated and replaced at Citi Field with another vendor." Katz Decl. ¶ 2. These alleged events are apparently central to plaintiff's tortious interference claim, see Amend. Compl. ¶ 42, and, while the Court takes no position on the merits of the allegations,

---

[1] The proposed pleading thus can be characterized as a *supplemental* complaint. See Fed. R. Civ. P. 15(d).

the timing of the alleged events justifies plaintiff's prompt request for leave to amend, filed just nine days after the April 6th conversation between Katz and Kleckner and not long after the February 28th amendment deadline. Pl. Letter at 1.

Defendant has proffered no evidence that an amendment at this stage would prejudice the defense. In response to a joint application by plaintiff and defendant, the Court recently extended the discovery period to June 10, 2011. Endorsed Order (Apr. 19, 2011), D.E. #51. Defendant has not identified any additional discovery needed to defend against the tortious interference claim. Def. Letter at 3. Finally, while defendant objects to the form of plaintiff's request, arguing that requests for leave to amend "must be made by motion pursuant to Fed. R. Civ. Proc. 15, not by letter pursuant to Local Rule 37.3(c)," plaintiff's request satisfies the core requirements for a motion under Rule 7(b) of the Federal Rules of Civil Procedure, in that it was made in writing, identified the relief sought, and stated the grounds for the requested relief. See Pl. Letter at 3. Accordingly, the Court grants plaintiff leave to file its proposed amended complaint by April 26, 2011.

SO ORDERED.

Dated:   Brooklyn, New York
         April 22, 2011

                              ROANNE L. MANN
                              UNITED STATES MAGISTRATE JUDGE