IRA DANIEL TOKAYER, ESQ. (IT-4734)
Attorney for Plaintiff
405 Lexington Avenue, 7th Floor
New York, New York 10174
(212) 695-5250

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x

KOSHER SPORTS, INC.,                 :   CV-10-2618(JBW)(ALC)

                    Plaintiff,       :

          - against -               :   <u>REPLY TO COUNTERCLAIMS</u>

QUEENS BALLPARK COMPANY, LLC,        :

                    Defendant.       :

----------------------------------x

        Plaintiff, by its undersigned attorney, Ira Daniel

Tokayer, Esq., as and for its Reply to Counterclaims herein,

alleges as follows:

        1.   Denies the allegations contained in Paragraph 1 of

the Counterclaims, except admits that on or about January 23,

2008, KSI and QBC entered into a certain marketing agreement (the

"Agreement") and the court is respectfully referred to the

document for the content and effect thereof.

        2.   Admits the allegations contained in Paragraph 2 of

the Counterclaims except, to the extent it calls for a legal

conclusion, it is respectfully submitted this is for the court to

determine and no response is required.

        3.   Admits the allegations contained in Paragraph 3 of

the Counterclaims, except to the extent it calls for a legal

conclusion, it is respectfully submitted this is for the court to determine and no response is required.

   4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Counterclaims.

   5. Admits the allegations contained in Paragraph 5 of the Counterclaims.

   6. Denies the allegations contained in Paragraph 6 of the Counterclaims, except admits that on or about January 23, 2008, KSI and QBC entered into a certain marketing agreement and the court is respectfully referred to the document for the content and effect thereof.

   7. Denies the allegations contained in Paragraph 7 of the Counterclaims, except admits that on or about January 23, 2008, KSI and QBC entered into a certain marketing agreement and the court is respectfully referred to the document for the content and effect thereof.

   8. Denies the allegations contained in Paragraph 8 of the Counterclaims, except admits that QBC purported to provide some services under a certain marketing agreement between the parties to which the court is respectfully referred, which agreement QBC breached.

   9. Denies the allegations contained in Paragraph 9 of the Counterclaims and further states that QBC's material and

ongoing breaches of the parties' Agreement justifies any purported non-payment by KSI.

10.    Denies the allegations contained in Paragraph 10 of the Counterclaims, except admits that QBC and KSI have exchanged correspondence and the court is respectfully referred to the documents for the content and effect thereof.

11.    Denies the allegations contained in Paragraph 11 of the Counterclaims, except admits that QBC and KSI have exchanged correspondence and the court is respectfully referred to the documents for the content and effect thereof.

12.    Denies the allegations contained in Paragraph 12 of the Counterclaims, except admits that QBC and KSI have exchanged correspondence and the court is respectfully referred to the documents for the content and effect thereof.

13.    Admits the allegations contained in Paragraph 13 of the Counterclaims and states that QBC's material and ongoing breaches of the parties' Agreement justifies any purported non-payment by KSI.

14.    Denies the allegations contained in Paragraph 14 of the Counterclaims, except admits that QBC has purported to terminate the parties' Agreement.

15.    Denies the allegations contained in Paragraph 15 of the Counterclaims.

16.   Denies the allegations contained in Paragraph 16 of the Counterclaims.

17.   With respect to Paragraph 17 of the Counterclaims, plaintiff repeats and realleges the allegations contained in Paragraphs 1 - 16 with the same force and effect as if fully set forth herein.

18.   Denies the allegations contained in Paragraph 18 of the Counterclaims, except admits that QBC and KSI have entered into a certain marketing agreement and the court is respectfully referred to the document for the content and effect thereof.

19.   Denies the allegations contained in Paragraph 19 of the Counterclaims.

20.   Denies the allegations contained in Paragraph 20 of the Counterclaims.

21.   Denies the allegations contained in Paragraph 21 of the Counterclaims.

22.   Denies the allegations contained in Paragraph 22 of the Counterclaims.

23.   With respect to Paragraph 23 of the Counterclaims, plaintiff repeats and realleges the allegations contained in Paragraphs 1 - 22 with the same force and effect as if fully set forth herein.

24.   Denies the allegations contained in Paragraph 24 of the Counterclaims, except admits that QBC purported to provide

4

some services under a certain marketing agreement between the
parties to which the court is respectfully referred, which
agreement QBC breached.

      25.   Denies the allegations contained in Paragraph 25
of the Counterclaims.

      26.   Denies the allegations contained in Paragraph 26
of the Counterclaims.

      27.   Denies the allegations contained in Paragraph 27
of the Counterclaims.

      28.   With respect to Paragraph 28 of the Counterclaims,
plaintiff repeats and realleges the allegations contained in
Paragraphs 1 - 27 with the same force and effect as if fully set
forth herein.

      29.   Denies the allegations contained in Paragraph 29
of the Counterclaims, except admits that QBC purported to provide
some services under a certain marketing agreement between the
parties to which the court is respectfully referred, which
agreement QBC breached.

      30.   Denies the allegations contained in Paragraph 30
of the Counterclaims.

      31.   Denies the allegations contained in Paragraph 31
of the Counterclaims.

<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>

32.   The counterclaims fail, in whole or in part, to state a claim for which relief may be granted.

<u>AS AND FOR A SECOND AFFIRMATIVE DEFENSE</u>

33.   The counterclaims are barred, in whole or in part, because defendant breached and repudiated the contract which it seeks to enforce.

<u>AS AND FOR A THIRD AFFIRMATIVE DEFENSE</u>

34.   The counterclaims are barred under the doctrines of waiver and estoppel.

<u>AS AND FOR A FOURTH AFFIRMATIVE DEFENSE</u>

35.   Defendant's damages, if any, were caused by its own conduct, omissions or failure to perform pursuant to the terms of the parties' Agreement.

<u>AS AND FOR A FIFTH AFFIRMATIVE DEFENSE</u>

36.   Defendant has failed to mitigate damages, if any.

<u>AS AND FOR A SIXTH AFFIRMATIVE DEFENSE</u>

37.   Under the doctrine of election of remedies, defendant may not terminate the contract and seek damages for its breach.

<u>AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE</u>

38.   Defendant's claims are barred, in whole or in part, by the existence of an agreement governing the relationship between the parties.

<u>AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE</u>

39.  Plaintiff is entitled to a set-off in excess of
the amount it owes defendant, if any.

<u>AS AND FOR A NINTH AFFIRMATIVE DEFENSE</u>

40.  Plaintiff's claims exceed the amount of
defendant's counterclaims, if any.

<u>AS AND FOR TENTH AFFIRMATIVE DEFENSE</u>

41.  Plaintiff hereby gives notice that it intends to
rely upon other defenses that may become available or appear
during the discovery proceedings in this case and hereby reserves
its right to amend this Reply to assert any such defenses.

WHEREFORE, plaintiff demands judgment dismissing the
Counterclaims herein, together with the costs and disbursements
of this action, attorneys' fees as permitted by law, and such
other and further relief as to this Court seems just and proper.

Dated:  New York, New York
        June 1, 2011


_____/s/_____
IRA DANIEL TOKAYER, ESQ.
Attorney for Plaintiff
405 Lexington Avenue, 7th Fl.
New York, New York  10174
(212) 695-5250


Reply to CC 02.wpd


7

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing is being furnished via the Court's CM/ECF system to Herrick Feinstein LLP, 2 Park Avenue, New York, New York 10016, on June 1, 2011.

Dated: New York, New York
       June 1, 2011

                              _____/s/_____
                              IRA DANIEL TOKAYER, ESQ. (IT-4734)
                              Attorney for Plaintiff
                              405 Lexington Avenue, 7th Fl.
                              New York, New York 10174
                              (212) 695-5250

Reply to CC 02.wpd

8