**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**KOSHER SPORTS, INC.,**

|                |                |
|----------------|----------------|
| **Plaintiff,** | **ORDER**      |
| -against-      | **10-CV-2618 (JBW)** |

**QUEENS BALLPARK COMPANY, LLC,**

                              **Defendant.**
-----------------------------------------------------------------x
**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court is defendant Queens Ballpark Company's motion to impose sanctions for plaintiff's failure to disclose or reveal the existence of surreptitiously recorded meetings between Jonathan Katz, the President of plaintiff Kosher Sports, Inc., and representatives of non-party Aramark. Letter from Avery Mehlman (June 2, 2011), D.E. #64. Defendant seeks monetary sanctions as well as an order precluding plaintiff from using those recordings at trial or in the upcoming hearing on plaintiff's motion to hold defendant in contempt for violation of the District Court's injunction. Id. at 1-2; see also Letter from Ira Tokayer (June 6, 2011), D.E. #66. Plaintiff opposes the application, denying that it violated any rule or court order or misled the Court or defense counsel; plaintiff also blames defense counsel for failing to move earlier to compel production of the recordings, see id. at 1, which have now belatedly been produced at the Court's direction. See Minute Order (June 3, 2011), D.E. #65.

Yesterday this Court held a hearing and heard argument on defendant's motion for sanctions. In order to enable the parties to proceed expeditiously with preparations for the evidentiary contempt hearing, which has now been rescheduled for June 28, 2011, the Court issues this Order to resolve certain limited aspects of defendant's motion for sanctions. A fuller explanation of the Court's rationale, as well as a decision on defendant's request for

alternative forms of relief, will be contained in a more detailed Memorandum and Order, to be issued at a later date.

Though mindful of the need to deter discovery violations, the Court believes that preclusion, a "harsh" remedy to be "imposed only in rare situations," Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 70 (2d Cir. 1988), is not necessary in the instant case; alternative sanctions will be sufficient to address the misconduct in question and to ensure that defendant is not prejudiced by the delay in obtaining discoverable information.  See, e.g., Travel Sentry, Inc. v. Tropp, No. 06-CV-6415 (ENV) (RLM), 2008 WL 2097613, at *2 & n.4 (E.D.N.Y. May 15, 2008) (denying preclusion under Fed. R. Civ. P. 37(d) but allowing additional discovery and imposing sanctions, including attorney's fees and a $10,000 fine), adopted, 669 F.Supp.2d 279 (E.D.N.Y. Nov. 18, 2009).[1]  To mitigate the prejudice to defendant, the Court will allow defendant, prior to the contempt hearing, to reopen the depositions of Messrs. Katz and Kleckner, who were featured in the recordings.  The remainder of defendant's motion for sanctions remains *sub judice*.

      **SO ORDERED.**

**Dated:**    **Brooklyn, New York**
          **June 8, 2011**

                                    **ROANNE L. MANN**
                                    **UNITED STATES MAGISTRATE JUDGE**

---

[1]  Plaintiff's counsel has represented that he contemplated using the recordings for impeachment purposes only, not in the plaintiff's case-in-chief.  Had plaintiff contemplated using the recordings as evidence-in-chief, plaintiff would have been obligated to produce the recordings as part of initial disclosure and supplemental disclosure under Rule 26, see Fed. R. Civ. P. 26(a)(1)(A)(ii) and (e); for violations of those rules, preclusion is a presumptive remedy.  See Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").