

**Steven M. Hecht**
Member of the Firm
Tel 973 597 2380
Fax 973 597 2381
shecht@lowenstein.com

July 11, 2011

<u>**VIA E-FILING AND FEDEX**</u>

Hon. Roanne L. Mann, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Room 1220S
Brooklyn, NY  11201

Re:   Kosher Sports, Inc. v. Queens Ballpark Company, LLC
      Civil Action No. 10-CV-2618 (JBW) (RLM)
      Motion Hearing 6/28/11

Dear Magistrate Judge Mann:

Although our client Aramark Sports and Entertainment Services, LLC ("Aramark") is not a party in this matter, we submit this letter in response to the relief sought by plaintiff Kosher Sports, Inc. ("KSI") following the June 28, 2011 evidentiary hearing. As Your Honor will recall, the following facts are not controverted:

1.  Aramark has never been a party to this action;

2.  Aramark is not subject to the August 25, 2010 injunction issued by Judge Weinstein nor did it receive notice of or the right to participate in the proceedings which led to issuance of that injunction;

3.  Aramark voluntarily facilitated discovery in this dispute between KSI and defendant Queens Ballpark Company, LLC ("QBC"); and

4.  Aramark further facilitated the majority of the trial testimony by accepting subpoenas and arranging for its witnesses to testify.

Hon. Roanne L. Mann, U.S.M.J.                                              July 11, 2011
Page 2

By way of relief sought, KSI's counsel stated during his June 28, 2011 summation:

> In sum, the Court must find that Aramark and QBC disregarded and violated Judge Weinstein's orders. The Court should impose sanctions including costs relating to this hearing and a fine to deter such contumacious [sic] in the future.
>
> In addition, QBC should be directed to purge themselves of the contempt and Aramark, as well by refraining from interfering with Kosher Sports' operation on Fridays and Saturdays and during all events at Citi Field as to which admission is made available to the general public.

(Tr. 290:17-291:2.)[1]

Aramark's counsel, who was only present to facilitate the production of witnesses served by subpoenas, objected following KSI's summation and pointed out to the Court the relief suddenly sought by KSI. (Tr. 313:20-314:10.) Your Honor initially responded:

> Well I am not sure that that is what Mr. Tokayer is doing. I think what he's trying to do is attribute actions of your client to QBC. Even under my hypothetical, where assuming hypothetically that there was no attempt to influence, he was saying as a matter of law and as a matter of contract, that the actions of Aramark should be attributed to QBC.
>
> But if he's going beyond that, I think maybe we should get clarification now and if so, you -- well, you haven't participated in this.

\*    \*    \*

---

[1]   The contract between Aramark and KSI has never called for KSI to provide any services on Fridays or Saturdays. As set forth in Mr. Kleckner's testimony, if KSI wanted to acquire that right, it would require additional compensation that would have to be negotiated between KSI and Aramark. Thus, KSI is trying to covertly use the Court to re-write that contract.



Hon. Roanne L. Mann, U.S.M.J.  July 11, 2011
Page 3

> Maybe I should have Mr. Tokayer clarify what his position is in this regard.
>
> \* \* \*
>
> You are not seeking contempt sanctions against Aramark, I take it.

(Tr. 314:11-20 and 315:16-20.) In response, KSI's counsel was pressed to admit that was, in fact, the relief he sought:

> MR. TOKAYER: Aramark cannot interfere with Kosher Sports' operations on Fridays and Saturdays, if they're doing it on behalf of the Mets. And if they have, then yes, they're in contempt of court.
>
> THE COURT: Well then we've had this proceeding and although Aramark has provided witnesses as a non-party, they have not participated as a party to this contempt motion.
>
> MR. TOKAYER: That was their choice.

(Tr. 315:21-316:4.) The Court should not condone KSI's last minute attempt to "sandbag" a non-party by seeking affirmative relief against it when no notice of that relief was given to Aramark (or the Court). Nor should KSI be permitted to have the Court re-write the KSI/Aramark contract which otherwise pre-dates this litigation. Certainly, fundamental due process requires much more before any relief could be granted against Aramark.

Aramark also feels obligated to address two factual points raised by KSI during the hearing.

1. **KSI's Attempt To Close Its Cart At Location K-428.**

Much was made during the hearing about the decision not to allow KSI to close its cart at location K-428 in September 2010 for a series with the Pittsburgh Pirates. Apparently,



Hon. Roanne L. Mann, U.S.M.J.                                        July 11, 2011
Page 4

KSI was anticipating low sales during those games. The KSI/Aramark contract does not, however, allow KSI to pick and choose at which games it will operate.

Aramark further finds it troubling that QBC was ordered by Judge Weinstein on August 25, 2010 to maintain the status quo, but when KSI seeks to alter the status quo (for financial benefit), it cries foul. Keeping the cart in place at location K-428 was required by the KSI/Aramark contract and served to maintain the status quo as ordered by the Court. It is not a violation of the injunction.

### 2. The Difference Between Serving Kosher Food At Lincoln Financial Park/M&T Stadium And At Citi Field.

KSI challenged the truthfulness of Aramark's explanation for its decision not to allow KSI to operate on Fridays and Saturdays at Citi Field by pointing to the fact that KSI operated (or was asked to operate) on the Sabbath at other locations where Aramark is the concessionaire. KSI misses the fundamental difference between those two situations.

Citi Field hosts 81 baseball games per season which are played on every day of the week. The Lincoln and M&T venues have 10 football games per season and a few isolated events, i.e. a rock concert, which occur once a week, usually on a Friday or Saturday. In baseball, patrons who attend Sunday through Thursday games and require Kosher food may be offended by learning that the same Kosher vendor is also open on Friday and Saturdays. Thus, the sales for Sunday through Thursday could be impacted.

The isolated events at Lincoln and M&T are one day only. Customers present on Friday and Saturday (who are very unlikely to be observant Jews who seek Kosher food), if offended by the Kosher vendor's operations on Friday or Saturday, would not impact Sunday through Thursday sales -- because those events are not being held on other days of the week. Stated another way, the 81 game season, played over all seven days of the week, is distinctly



Hon. Roanne L. Mann, U.S.M.J.  July 11, 2011
Page 5

different than a once-a-week event for purposes of understanding and appreciating the "credibility and integrity" reason stated by Mr. Kleckner to justify the decision by Aramark at Citi Field.[2]

We offer these two observations only to assist the Court in reaching its decision on the merits of the evidentiary hearing. More importantly, however, to Aramark, we respectfully submit that the belated relief sought by plaintiff KSI against Aramark violates all notions of due process and fair play, is unwarranted and in bad faith, and is probably indicative of the lack of merit to KSI's claims in this litigation. While Aramark takes no position on any of KSI's claims against QBC, we respectfully ask that the Court to enter the enclosed form of Order with respect to the belated relief sought against Aramark.

Respectfully submitted,

/s/ Steven M. Hecht

SMH:bra
Enclosures
cc: Avery S. Mehlman, Esq. (w/encl. – via electronic filing and e-mail)
 Ira Daniel Tokayer, Esq. (w/encl. – via electronic filing and e-mail)
 David W. Field, Esq. (w/o encl.)

17812/85
07/11/2011 17915881.1

---

[2] Again, KSI has never been allowed to operate on Fridays or Saturdays at Citi Field; this is not some recent decision that arguably violated Judge Weinstein's August 25, 2010 injunction.

