UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 2 1 2012 ★

BROOKLYN OFFICE

KOSHER SPORTS, INC.,

    Plaintiff,

    - against -

QUEENS BALLPARK COMPANY, LLC,

    Defendant.

**MEMORANDUM AND ORDER**

10-CV-2618

**Appearances:**

For the Plaintiff:

> Edward Normand
> Jason Cyrulnik
> Nathan Holcomb
> Boies, Schiller & Flexner LLP
> Armonk, NY

For the Defendant:

> Avery S. Mehlman
> Jonathan L. Adler
> Herrick, Feinstein LLP
> New York, NY

**JACK B. WEINSTEIN, Senior United States District Judge:**

Plaintiff-counterdefendant Kosher Sports, Inc. ("KSI"), a specialty food vendor that sells

and distributes kosher food products at sporting events, sues defendant-counterclaimant Queens

Ballpark Company, LLC ("QBC"), the operator of Citi Field, home of the New York Mets

baseball team.

1

KSI contends that QBC breached a January 2008 contract (the "Contract") granting it the right to sell its products at Citi Field events during the Contract's ten-year term. It asserts that QBC violated the agreement by preventing it from selling its products on Friday nights and Saturdays, and by failing to provide it with the requisite number of vending stations. It seeks damages and an injunction.

QBC, in turn, contends that KSI breached the Contract by failing to make required payments for advertising at Citi Field sporting events, tickets to Mets games, and the exclusive distribution of KSI's products at the stadium.

KSI moves for partial summary judgment. QBC moves on the merits for summary judgment dismissing KSI's breach of contract claim and for a monetary judgment in its own favor; it also contends that KSI should be ordered to join an independent entity, Aramark Sports and Entertainment Services, LLC ("Aramark"), as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure, or, alternatively, that the case should be dismissed if KSI is unable to do so. Aramark is a large corporation, independent of QBC. It manages food, beverage, and merchandise sales at a number of stadiums across the country, including Citi Field. *See* Report and Recommendation ("August 2011 Report and Recommendation") 4, Kosher Sports, Inc. v. Queens Ballpark Company LLC, No. 10-CV-2618 (E.D.N.Y. Aug. 26, 2011), CM/ECF No. 90; *see also* Statement of Undisputed Facts in Support of Defendant's Motion for Summary Judgment ¶¶ 8-10, Kosher Sports, Inc. v. Queens Ballpark Company LLC, No. 10-CV-2618 (E.D.N.Y. Jan. 30, 2012), CM/ECF No. 127-1.

KSI's motion for partial summary judgment is denied. QBC's motion for summary judgment is granted as to KSI's claims as well as to its counterclaim for breach of contract. Its joinder motion is dismissed as moot.

The facts underlying this dispute are set forth at length in the magistrate judge's August 2011 Report and Recommendation, which addressed a motion made by KSI to hold QBC and Aramark in contempt for purported violations of a preliminary injunction. *See* August 2011 Report and Recommendation 2-11. The August 2011 Report and Recommendation, previously adopted by this court in full in November 2011, is deemed a part of this memorandum and order.

KSI's motion for partial summary judgment is denied; QBC's motion for summary judgment dismissing KSI's claims is granted. The Contract does not, as KSI argues, "give[] KSI the right to sell its products at all events during the ten-year term of the Agreement." Memorandum of Law in Support of Plaintiff's Motion for Partial Summary Judgment 1, Kosher Sports, Inc. v. Queens Ballpark Company, LLC, No. 10-CV-2618 (E.D.N.Y. Jan. 30, 2012), CM/ECF No. 128. The Contract principally covers advertising, not product vending issues. KSI's product-selling rights are the subject of a separate agreement between KSI and Aramark, which is not a party to this suit. The Contract's passing reference to "product distribution rights," read in context, does not grant KSI any right against QBC to sell its products at the stadium; the language refers to QBC's promise to prohibit Aramark from selling other brands of kosher products. And the fact that the Contract grants KSI the right to advertise its products in one message on the scoreboard "during each Mets regular season home game," *see* January 23, 2008 Letter Agreement 1, Kosher Sports, Inc. v. Queens Ballpark Company, LLC, No. 10-CV-2618 (E.D.N.Y. Jan. 30, 2012), CM/ECF No. 127-5, does not, as KSI argues, provide the right to sell its products at each and every Mets game. The Contract was not modified by an oral agreement; none of the extrinsic evidence proffered warrants a change in the result.

QBC's cross-motion for summary judgment against KSI for breach of the Contract is granted. An "action for breach of contract requires proof of (1) a contract; (2) performance of

the contract by one party; (3) breach by the other party; and (4) damages." *First Investors Corp. v. Liberty Mut. Ins. Co.*, 152 F.3d 162, 168 (2d Cir. 1998) (internal quotation marks omitted) (applying New York law). All of these elements have been established beyond peradventure.

With respect to QBC's damages, it appears that KSI made the payments required of it in 2009, made only the first payment due in 2010, and then defaulted. The Contract provides that in the event of a default, QBC is entitled to "any . . . remedies which may under the circumstances be available," and "interest on all unpaid sums at a rate equal to the lesser of sixteen (16%) per annum, or the highest rate allowed under New York law" in the event of a default by KSI not remedied within three business days of the provision of notice. *See* January 23, 2008 Letter Agreement 2, Kosher Sports, Inc. v. Queens Ballpark Company, LLC, No. 10-CV-2618 (E.D.N.Y. Jan. 30, 2012), CM/ECF No. 127-5.

The magistrate judge is respectfully requested to prepare a report and recommendation regarding both the amount of damages now due to QBC from KSI, and the future responsibilities of the parties, if any, under the Contract. *See* Fed. R. Civ. P. 72(b)(1).

Costs and disbursements are granted to QBC. *See* 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d)(1).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: February 21, 2012
Brooklyn, New York