UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
KOSHER SPORTS, INC.,

                        Plaintiff,

        -against-

QUEENS BALLPARK COMPANY, LLC,

                        Defendant.
-------------------------------------------------------------x

REPORT AND RECOMMENDATION

10-CV-2618 (JBW)

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      In a Memorandum and Order dated February 21, 2012, the Honorable Jack B. Weinstein denied the motion for partial summary judgment filed by plaintiff-counterclaim-defendant Kosher Sports, Inc. ("KSI"), and granted the motion for summary judgment filed by defendant-counterclaim-plaintiff Queens Ball Park Company, LLC ("QBC") with respect to KSI's claims as well as QBC's counterclaim for breach of contract. See Memorandum and Order (Feb. 21, 2012) ("M&O"), Electronic Case Filing ("ECF") Docket Entry ("DE") #139. In addition, Judge Weinstein referred the matter to the undersigned magistrate judge "to prepare a report and recommendation regarding both the amount of damages now due to QBC from KSI, and the future responsibilities of the parties, if any, under the Contract" entered into by the parties in January 2008. See id. at 4.

      For the reasons that follow, this Court recommends that judgment be entered against KSI, dismissing its claims and awarding QBC $55,000 on its counterclaim, inclusive of fees and disbursements pursuant to 28 U.S.C. § 1920 and Rule 54(d)(1) of the Federal Rules of Civil Procedure.

**DISCUSSION**

Following Judge Weinstein's ruling on the parties' cross-motions for summary judgment, this Court issued an order directing counsel to confer in an effort to stipulate to the two issues identified in Judge Weinstein's M&O: the amount of damages and the parties' responsibilities (if any) under their January 2008 Contract (the "Contract"). See Status Report Order (Feb. 27, 2012), DE #141. On March 12, 2012, the parties filed a stipulation wherein they agreed that "[t]he total amount of damages now due to QBC from KSI, including costs and disbursements . . . , is $55,000." Stipulation (Mar. 12, 2012), DE #143. The Stipulation, which this Court so-ordered the following day, see Order re Stipulation (Mar. 13, 2012), DE #144, did not, however, address the future responsibilities of the parties. See generally id. In response to a further order from this Court, see Status Report Order (Mar. 14, 2012), DE #146, counsel for QBC advised that the parties had not been able to reach agreement regarding their future responsibilities under the Contract. See Letter to Judge Mann by QBC (Mar. 16, 2012) ("QBC Letter"), DE #147.[1] QBC requested that the Court schedule a conference, see id., which was conducted on March 21, 2012. See Minute Entry (Mar. 21, 2012) ("3/21/12 Minute Entry"), DE #149; Transcript of Telephone Conference on March 21, 2012 (docketed

---

[1] Specifically, QBC asserted that the parties

> have not been able to reach agreement on the extent of the parties' future responsibilities under the Agreement -- both in terms of the obligations, if any, that KSI has to QBC if it elects to keep operating at Citi Field, and the future liabilities, if any, KSI has in the event that it elects not to keep operating and QBC is not able to fully mitigate its damages.

QBC Letter.

Mar. 23, 2012) ("3/21/12 Tr."), DE #151.[2]

The issue of the parties' future responsibilities under the Contract implicates an issue that need not and should not be judicially resolved in the context of this case.[3] In accordance with Judge Weinstein's M&O, all of KSI's claims are subject to dismissal, and QBC is entitled to judgment on its counterclaim for breach of contract, in the amount stipulated to by the parties -- $55,000, including costs and disbursements. In none of QBC's counterclaims does it seek a declaratory judgment regarding the future responsibilities of the parties under their Contract; the only relief specifically sought by QBC is monetary in nature. See Counterclaims at 10-15.

Furthermore, with respect to the amount of damages now due from KSI, QBC has stipulated that the total amount is $55,000, see Stipulation, and has conceded that there is no acceleration clause in the parties' January 2008 Contract. See Transcript of Proceedings on February 21, 2012 ("2/21/12 Tr.") at 5, DE #140; see also 3/21/12 Tr. at 14. Indeed, when asked by Judge Weinstein at oral argument what contractual damages QBC was claiming, counsel for QBC initially responded that "[w]e're claiming payments moving forward,"

---

[2] Although it had initially requested further briefing by the parties, see 3/21/12 Minute Entry, the Court concludes, after reviewing the record and the transcript of the March 21st conference, that additional submissions are unnecessary.

[3] In addition to its counterclaim for breach of contract, QBC's pleading also asserts counterclaims for an account stated and for quantum meruit, see QBC's Answer, Separate Defenses, Counterclaims and Jury Demand (May 12, 2011) ("Counterclaims") at 14-15, DE #58, which seek the same monetary relief as the breach of contract counterclaim. See id. As those counterclaims are thus duplicative of the breach of contract claim, QBC is entitled to no additional relief under those claims. See, e.g., Bender v. City of New York, 78 F.3d 787, 793 (2d Cir. 1996) ("If two causes of action provide a legal theory for compensating one injury, only one recovery may be obtained.").

2/21/12 Tr. at 8, but then he immediately corrected his misstatement: "Excuse me, we're claiming payments that were made -- that were not made under the [C]ontract for the three years that [KSI] got exclusivity in [] the ball park[.]" Id. at 8; see also 3/21/12 Tr. at 13-14. The parties have now agreed that $55,000 is owed to QBC "for what happened in the past[.]" 3/21/12 Tr. at 5. What "happens in the future" (id.) is not a matter before this Court.

## CONCLUSION

For the foregoing reasons, it is the recommendation of this Court that the District Court enter judgment dismissing the claims of KSI; awarding QBC $55,000 on its first counterclaim (for breach of contract), said amount inclusive of interest as well as costs and disbursements; and that QBC's second and third counterclaims be dismissed as duplicative of its breach of contract counterclaim.

Any objections to the recommendations contained in this Report and Recommendation must be filed with the Honorable Jack B. Weinstein on or before **April 13, 2012**. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to enter this Report and Recommendation into the ECF system.

**SO ORDERED.**

**Dated:    Brooklyn, New York
           March 27, 2012**

                                    **ROANNE L. MANN
                                        UNITED STATES MAGISTRATE JUDGE**